IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Christopher Lamar Victoria, *a/k/a* *Christopher Lamar Victoria #315620,* *a/k/a Christopher Victoria, #341833*, <br><br>   Plaintiff, <br><br> v. <br><br> John Palmer, Coata Kimbrell, <br><br>   Defendants. | Case No. 5:24-cv-01067-JDA <br><br> **OPINION AND ORDER** |

This matter is before the Court on a motion for summary judgment filed by Defendants. [Doc. 37.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

On May 23, 2025, the Magistrate judge issued a Report and Recommendation ("Report") recommending that Defendants' motion be granted. [Doc. 49.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id*. at 18.] Plaintiff has filed no objections and the time to do so has lapsed.[*]

---

[*] As noted by the Magistrate Judge, Plaintiff was eligible for parole on May 16, 2025, and it appears that Plaintiff is no longer in custody in South Carolina. [Doc. 49 at 2 n.1.] The Report was mailed to Plaintiff on May 23, 2025 [Doc. 50], and on June 11, 2025, the Report was returned as undeliverable [Doc. 52]. Plaintiff was directed at the beginning of this case to "immediately advis[e] the Clerk of Court in writing of [any] change of address" [Doc. 8 at 3], and Plaintiff has done so multiple times [Docs. 24; 47]. Even though Plaintiff did not receive the Report by mail, the Court finds that Plaintiff has had at least several weeks to notify the Court of his change of address but has failed to do so.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendants' motion for summary judgment [Doc. 37] is GRANTED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

June 20, 2025
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.